The first of two Power Integrations against Semiconductor Components cases, 18-1602. Good morning. May it please the Court, Frank Scherkenbach for Power Integrations. I'd like to spend the majority of my time on the Privity Issue, the 315B Issue, but of course we'll answer whatever questions the Court may have on the merits as well. First, as an initial matter, as the Court may be aware, substantially this identical issue was argued last month in the 16-07 case. I assume your Honors are aware of that, and so it's really pending then before two panels of the Court. Since the briefing was completed on this appeal, there have been two additional cases from this Court that have come out on 315B that I think are important in understanding what the landscape is here legally. The first is Applications and Internet Time, and that case analyzes 315B in detail. Is that mostly a Real Party and Interest case rather than the Privity case? That was the specific issue to be decided in the case, but there's really a very fulsome analysis of the statute overall, what it is, why it is, what the legislative history of the statute is. A fundamental point made in that case is that the test under 315B for Privity or Real Party and Interest is broad and common sense. The focus is on who would benefit from a practical and equitable point of view. Can I ask you this question? Putting aside for a minute the language of 315B about which we've seen some arguments, this kind of situation could come up in, let's call them common law estoppel doctrines. You have case number one, after case number one goes to judgment, the losing party gets acquired by somebody else, and then there's a case number two. What is the law on the time at which you identify relevant privity to decide whether either claim or issue preclusion in case number two is going to be given to case number one? In the district court context, we made this point in our brief, a court addressing this situation would consider all the relevant facts up to and including the time at which the court makes the decision. So if the acquisition was, let's say, a year and a half into the litigation of case number two, and privity arises then, then preclusion would arise? Yes, yes. What's the best case for that proposition? I believe cluster. You can look at cluster speak. Cluster, I think, was a case about encompassing within the injunction a successor, and it talked about some underlying privity concepts, but it wasn't itself a preclusion case. I don't think. Well, it did hold that the party acquiring the assets of a party who had... Was legitimately a successor subject to the injunction, no? Yes, but on the basis of being precluded as a result of having acquired the assets at issue in the case. That's right. I don't believe there's a case, and maybe I can answer the question conversely as well, Your Honor. I don't believe there is a case cited by either party that says in the district court context that a court would put the blinders on, as it were, and assess the situation only at some artificial point in time. Well, I felt a little bit at a loss in the briefing altogether for a discussion of how the counterpart situation in common law preclusion would work, because that would seem to me to be extremely relevant to how one resolved any ambiguity one might find in 315B itself. Well, we did... Maybe I can put a couple of stakes in the ground on that. I mean, there is no dispute that 315B was adopted against the backdrop of common law issue preclusion and claim preclusion. There's no dispute about that, nor is there any dispute that the policy underlying the statute favors preclusion. And so there wasn't any dispute, as far as we're aware, by on. We made the point in our brief that a court would not... They didn't come back and cite a case and said, well, yes, they would. So I don't believe it's a disputed issue on the record. But is Closter your best authority for arguing that there was a firmly established fixed principle in background common law preclusion law that you can consider the timing of the privity at any time during the course of a district court proceeding? As opposed to at the time of the complaint or the time of answer or some other time. On this record, I think the answer is yes, Your Honor. I mean, we didn't... With all candor, as Judge Toronto says, this was not an issue that was briefed in any detail on this record because it actually wasn't disputed. Well, I'm just trying to understand if the words of 315B are something that's less than clear, then there could be an argument then that whatever 315B says and does doesn't displace some established common law principle for preclusion. And if there was some very established principle that you can consider the question of privity at any time during the course of a proceeding, then maybe that would be something that would inform how we should understand 315B. Well, you say displace. I mean, of course, the language of the statute itself, 315B, says it refers to the time of institution. Review may not be instituted if. Right? So it's not talking... And with all due respect, I think this is an area where the PTO and ON get it wrong. They want to talk about filing of the petition and only filing date of the petition matters. But the statute actually says review may not be instituted if. So the board in its role cannot do something as of a certain time, namely institution, if this prior condition has been satisfied. So we think it answers the question, actually, that at least you have to consider what happens at institution. Now, can you also... But what if the condition that you're referring to demands that any privity relationship has to exist at the time of filing the petition? Then you don't win. You lose. Well, if the statute said that, I'd agree with you. But, of course, it doesn't say that. And that really is our point. The statute certainly doesn't say what evidence can or should the board consider or not consider. And more to the point, can the board only make this assessment at a particular instant in time that, by definition, will predate the decision point, the point at which the board is actually assessing the evidence and making the decision? If there were a rule that said a district court shall grant a motion to dismiss for lack of jurisdiction, the for lack of jurisdiction would still, subject to certain exceptions, be measured not at the time the district court was acting on the motion, but at the time of the filing, because there's a very strong background rule that says that. I think all that Judge Chen was suggesting, as I understood it, is that the fact that this says the review shall not be instituted doesn't automatically mean that the condition is assessed at the time of the decision on institution. You have a further argument that the condition as stated doesn't itself point to an earlier date. But that's the point, I guess, at which common law background seems at least relevant to understanding what the default assumption might have been. I don't dispute the common law is relevant. It certainly is relevant. But just to go to your analogy to subject matter jurisdiction, well, I think that proves our point. The PTO tries to embrace that and draw an analogy to the time of filing cases. The reason a district court, when faced, for example, with a motion to dismiss, and implicit in your question, is for lack of subject matter jurisdiction or jurisdiction of some sort, is that jurisdiction has to exist as of the time of the filing of the complaint. And that is why. So there is a very clear rule on that issue in that context that that is when you assess when jurisdiction exists and that you don't revisit it subsequently on Tuesday and then Wednesday and Thursday and Friday for the reasons explained in the time of filing cases. But that isn't the situation at all. In fact, if anything, it's the converse. Again, the statute says that review may not be instituted. The focus is on institution. It's not on what the state of the world was at some earlier arbitrary time. Now, of course, if it's true at that earlier time that there is privity where you can conclude there's a proxy relationship, well, then you don't have to revisit it at institution. And that would be sufficient. Can I slightly switch subjects? Yes, of course. But still within the realm of 315B. What is your argument under the heading, this IPR is likewise barred by issue preclusion? You have a two-and-a-half-page argument. Can you tell me what that argument is? That the issue of the validity of the patent was decided under a different burden of persuasion. And it's ancient law that if you lose under a high burden of persuasion, that does not preclude you from litigating the same issue under a lower burden of persuasion, which is what we have here. The burdens are different. True. So issue preclusion would not, in fact, apply. Fair enough. If you assume the outcome would be different under the different burdens of proof. And just to follow up, it's different prior art that was litigated in the earlier district court case, right? It is. So I'm just trying to figure out if maybe your argument would fit better under a claim preclusion theory than an issue preclusion theory. It would. And I think, with all due respect, that may have been a misnomer in the briefing. That it really is a claim preclusion issue, which is a whole other kettle of fish. Because, of course, having litigated and lost in district court, it's a separate issue as to whether a party or a privy can come and have notice. Going back to the 315B time bar, you said something, and I just want to make sure I understand it. I thought your position all along had been that you judge the preclusion question as to whether there was privity at the time of institution or not. But then I heard you say something like, if at any time there was privity, then that would be sufficient for a bar. So, for example, what if Ahn and Fairchild hypothetically had been in privity with each other at the time of filing of the petition, but then for whatever reason it gets extinguished two months later. So they're no longer in privity. And now at the time of institution, you can't say that they were in privity. You still would consider institution. You would still consider what? You would still consider them as being barred. Not necessarily. I guess my point is, in my hypothetical, I was assuming if you had privity or proxy relationship at the time of the filing of the petition, that barring change in circumstance, that would of course also be true in institution. So then you wouldn't have to revisit it at institution. You could fully assess it at the time of the filing of the petition. In your hypothetical, the world changes and something is true at the first point and not true at the second. Well, then I think the PTAB should take that into account, just as a court would. The point is— But as a legal matter, would you still say that the petitioner should be barred? Because once upon a time, it was in privity with that barred party? Or would you say, no, the petitioner would no longer be barred? Well, that's an open question. I think the way the statute—well, the way the PTO itself interprets the statute, the answer to the question is, there would be a bar regardless if the world changed later. Because of course, in their view, it's all about only what happens at this time of the filing of the petition. Did Congress speak to this directly? No. Is there a regulation on that? No. In other words, as to what happens if the facts change. And so that would be a different issue. It's not presented in this case. You have used most of your rebuttal time. You can save the rest and I might restore a little bit. I think I will save the rest of my time. We'll give you three minutes. Appreciate it. Thank you. Good morning, Your Honors, and may it please the Court. The Director intervened in this case to address the statutory construction of Section 315B. The statutory language here is clear. It is the petition and when it is filed that triggers when the time bar applies. And as it was clear during my friend's opening argument— I'm curious if it's not clear. Is the agency making any kind of argument that it's entitled to some kind of deference? If this Court finds that the statutory language is not clear and there is an ambiguity, then the Board's construction here of the statute that it administers is entitled to Chevron deference. But the Board decision is a non-presidential decision, first of all. The Board decision is a non-presidential decision. And second of all, the Board's decision seemed to be based on a view that the statute is clear and unambiguous. It wasn't making some kind of analysis of, well, first the statute is ambiguous, and now we have to figure out what would be a reasonable construction and have to consider all kinds of interesting questions before we decide what would be a reasonable construction. That's not how the non-presidential Board decision is written, is that right? That's correct. The Board decision is written— So then why would we give deference to that if their decision is based on a mistaken view that the statute was clear and they're bound to follow that very clear, unambiguous understanding of the words? If this Court finds that the statute is ambiguous, the Board's decision does reflect that it does have the authority to promulgate regulations regarding the procedures of the Interparties Review proceeding. The question would be whether, A, a non-presidential decision is an authorized means of exercising the interpretive authority, and, B, whether a particular Board actually did exercise discretion,  So as to your first point, whether a non-presidential decision should be entitled to deference, as to that issue, that issue here is relevant, but at the same time that decision does actually reflect that the agency has issued regulations that interpret the statute at issue here. I'm lost by this. Even your own Board administrative patent judges are not bound by any lone non-presidential Board opinion, correct? That's correct. But the decision itself bolsters what the agency's interpretation of the statute would be. And maybe it's not entitled to Chevron deference because it is non-presidential, but it should be at least entitled to some persuasive deference because the agency is interpreting the statute itself administers. And here the agency's interpretation of the statute is that the determination is made at the time that the petition is filed. Why is that a relevant background rule for privity and preclusion as opposed to court jurisdiction? This just gets back to the discussion we were having, Mr. Shirkenbach. There is an obvious counterpart to this in the world of common law preclusion, about which we haven't been given very much information. Cluster is at least indirectly relevant. But in general, preclusion can attach, you know, at five minutes before midnight in a seven year litigation. Well, I think one of the questions you directed to Power Integrations Council is relevant here, and that is what the common law decisions as to time of filing and how they apply in determining a court's jurisdiction. And what the time of filing rule indicates is that it is the time that the complaint is filed that is relevant in determining whether that complaint is proper. And here it is the time that the petition is filed that determines whether or not the institution is barred. And so it makes sense that the board's construction of the statute is in compliance with such provisions in common law as the time of filing rule. And therefore the board's construction of the statute should be considered to be permissible. The board's construction of the statute also makes sense in view of Congress's intent that's shown here through 315B as well as other provisions of the statute. Under 315B, it is clear that it is the petition that is filed that is the condition precedent to whether or not the time bar applies. And the other provisions of the statute, such as 312A2, also make clear that it is the petition that must indicate whether the real parties of interest are identified. And so the board's construction here is, if to the extent, first our primary, oh I'm sorry, I'm almost out of time. Sure, our primary argument is that the statute is clear. The plain text applies and under Step 1 of Chevron, the construction of the statute should be that it is the petition that triggers whether the time bar applies. To the extent the court finds there is any ambiguity, the board's construction of the statute is permissible. And that is because of common law principles showing that the time of filing rule should apply and that it is consistent with Supreme Court cases such as Grupo. And showing that the policy that the petition is the time that the time bar applies makes sense because it renders the statute admissible. And if it wasn't the case, then it would not be a workable statute. And so that also shows why the board's construction here is permissible under Step 2. Okay, thank you. Good morning, Your Honors. Lauren Dreyer on behalf of Petitioner Semiconductor Components Industries. I'd like to help answer a few questions with regard to 315B and privity. But I understand that this issue has been discussed at length in the previous appeal in April and in our briefing here. But briefly to touch on some of your questions that you raised when my colleague was at the podium. The guiding principles here for... This is your colleague. Which of your two colleagues? We use the same term. Both colleagues. Colleagues and friends, Your Honor. The guiding principles here for assessing privity are the six categories, non-exclusive categories, but the six categories outlined in Taylor v. Sturgill, which is incorporated into the office trial and practice guide and provides a guiding light in terms of when to apply non-party preclusion. And in those categories, what we can see here is that non-party preclusion should not be applied here against Petitioner Semiconductor Components Industries because it doesn't fit into any of these categories. The relevant ones would maybe the second, fourth, and fifth categories. Are you getting to an issue that is distinct from and maybe even subsequent to the question of the time at which these standards would be applied? There's no doubt, right, that by the time of institution there was privity. Everybody agrees with that. There's a dispute about whether because of the agreement to merge, though the merger hadn't closed yet, there would have been privity at the time of the petition. But that's not what the board relied on. And the standards of the sort that you're talking about that the board applied are, let's say, they've been developed in at least two of our cases since then. And so a remand might well be warranted. But the principal argument on the other side is that look at it at the time of institution. And if you look at it at that time, the facts that were true at that time, then there's undisputed privity. It's true, Your Honor, that the parties don't dispute that privity existed as of the time of institution. But our argument is that the common law analysis for issue preclusion can't supplant the statutory scheme here. And under the statute, it clearly and unambiguously assesses the privity determination at the time of filing. Can I ask you the same question that I think we were discussing earlier? Just for purposes of this question, assume that the statutory language doesn't clearly answer the question and that it would be relevant to ask what in the common law world of preclusion, issue preclusion, claim preclusion, collateral, estoppel, res judicata, et cetera, what is the time at which privity would be assessed or as of which it would be assessed? I'm not sure that there is a definitive point in time under the common law. The issue is often raised after a first judgment has been rendered and a non-party who didn't participate in the proceeding that rendered the first judgment is being bound, is being the parties arguing that they're being bound to that judgment. And I think what's important to look at in terms of the common law principles is that the non-party needed to have- There really are not cases of commentary that say that this party who is now alleged to be bound was a complete stranger to proceeding number one. But now, this party actually owns the losing party in case number one. There's no case law that says the time at which becoming a privy is X or Y? Well, I think the time at which becoming the privity or establishing the relationship between the two parties becomes relevant while the non-party would have a full and fair opportunity to litigate. We see that in, for example, the AstraZeneca case. The non-party acquired the party that was a participant to the original litigation during the litigation, so before a jury verdict had been rendered. And at that point, the court there said, has a full and fair opportunity to litigate the issues under the elements of issue preclusion law and therefore can be bound and held to be bound by that. Address, I guess, what is at least a policy point made in Closter, quoting an old Supreme Court decision and quoting, I think, a Seventh Circuit decision that says, in effect, whatever closure repose is given by finality really should not be disturbed by the loser selling itself to a new person. I think that's still bound up with the new person having a full and fair opportunity to litigate. That's the standard in which we have to govern. But almost by definition in that circumstance, the new person comes in later, didn't have a full and fair opportunity, but now comes in and says, you know, you had a five million dollar company and a three million dollar judgment. The company is worth two million. I'm going to pay, you know, 2.2. And if I suddenly have the opportunity to challenge the liability, which otherwise the loser wouldn't have been, I now have an upside of, I forget what my numbers were, 2.8 million more to get rid of it minus attorney's fees costs. There's a kind of arbitrage going on about, you know, buying the opportunity to undo what would otherwise be settled. In that circumstance, there may be. But the distinction here, Your Honor, is that On Semiconductor had its own products and was a participant in this industry. They made competing products. They were aware of the ongoing litigation between power integrations, asserting a massive patent litigation campaign. And so they were concerned legitimately about the validity of these patents from the perspective of having their own products and being a market player. And we can see that as reflected in the merger agreement itself, which required antitrust approval in order to close. That On Semiconductor here and Fairchild were both market participants in this industry. If I think I read in the merger agreement, this was a fixed price, $20 a share. I'll take your word for it, Your Honor. So at that point, On has every interest in trying to increase the value of the asset it's buying by trying to shed liability. Certainly, On has an interest in the value of its merger agreement with Fairchild here. But I don't believe that that particular argument was raised in part of the record below in terms of On's interest in the share price that you mentioned, Your Honor. But certainly, they had an independent interest. That would have gone to the question of whether the pre-petition agreement to merge, not yet closed, would matter. Not the, at least, principal question we have in front of us is whether institution time is the time as of which privity is assessed. Yes, Your Honor. And I want to draw on one of the hypotheticals or one of the examples that you raised earlier, which is that the reason why privity needs to be assessed here at the time of the petition is because, as my colleague alluded to, the circumstances can change. The world can change. And so what could happen here is that we know from the record evidence that the announcement of the merger, which occurred in November of 2015, was a public announcement of a future merger subject to conditions precedent. What would have happened had the conditions precedent not been satisfied? Had they not received antitrust approval? Under PI's theory, there would have been this first period in time in which on semiconductor and semiconductor components industries were not time barred before the announcement of the merger. Then there would be this intervening period of time in which, under PI's theory, after the announcement of the merger comes out, on semiconductor and SCRs, all of a sudden, time barred. And then, once the merger agreement failed to occur by virtue of not receiving antitrust approval or a number of other things, there would have been this bookend period of time in which, all of a sudden, the petitioners became not time barred again. And that is contrary to this court's decision in Wi-Fi 1 that assesses the timeliness of the petition. It would be inconsistent with Wi-Fi 1 to have a later filed petition be timely under 315B, but an earlier filed petition, one filed during that intervening window, be untimely under 315B. And that's the world we would be living in where PI's position and interpretation of the statute were to be adopted. I also wanted to point out that the board's interpretation here should be entitled to Chevron deference, because the board has promulgated a rule. Does that rule just parrot the statute? It doesn't, Your Honor. And the reason why it doesn't just parrot the statute is because PI's position is that the statute uses the phrase instituted, may not be instituted, and that institution is what governs the time bar. The time of assessing when the petition is timely. Importantly here, the rule does not use or mention institution. It refers to when a petitioner may file a petition, when the petition requesting the proceeding is filed, and refers in no circumstance to the institution date. So the rule is clarifying that the 315B language should be assessed as of the petition's filing date without referencing in any way the institution date. I see that I'm over time if there are any further questions. Thank you for your argument. Thank you. A few very quick points on this issue of deference. I think the click-to-call decision has addressed this and has made clear that this Regulation 101B is not entitled to any deference because it merely parrots the statute. That's at 899F3rd at 1338 and Note 7. That same case also says since the regulation is parroting, it doesn't get deference, board decisions, especially non-presidential board decisions interpreting the regulation, are even less entitled to deference. And that's at 899F3rd at 1341. So the deference question has been answered. You don't defer to the Patent Office. Number two, there was a point made about how ON has its own interests here, and it isn't fair they haven't had their day in court, that sort of thing. That's not in the record before you. Can you address yourself to a kind of practicality point that your friends at the other table made about why odd results would follow if privity were assessed at any time other than a petition? I think it's the opposite. You don't get odd results. The decision-maker, in this case the board, at the time they're deciding to institute looks at all the relevant facts and makes a decision. There's no uncertainty. There's no variability. There's no decision made at an arbitrary earlier point in time or at some later point in time and then again at the time of institution. You look at all the state of the world that exists at the time of institution because that's what the statute says. There's no wandering around in the wilderness on this. To respond to the specific concern counsel raised about, well, gee, what if the conditions of the merger didn't come to fruition? The answer to that is it isn't even really very relevant to the privity inquiry. The point is they had a merger agreement. This is a 136-page definitive agreement. But that's not the point if the rule is look at the institution time. Now you're switching into, oh, there should have been privity even at the time of the petition, which is not your primary argument and not mostly what we've been talking about. Well, it isn't the primary argument, but we certainly do make the argument and we maintain the argument that even if you look at the time just of the filing of the petition, there was privity here. There was a proxy relationship, no question, between Ahn and Fairchild. At that time you consider a confidentiality agreement that said they had a common commercial and legal interest. You had a merger, a definitive merger agreement. Okay, but just getting back to something we talked about earlier, I thought you or we had discussed and you had agreed that your position is the trigger point is at the time of institution, and you determine everything then. It doesn't matter if there had been a proxy or privity relationship at some point earlier, including at the time of filing the petition, if all of that relationship had been extinguished and destroyed before the time of institution. In that world, it may not matter or may not matter as much if there was privity at an earlier point in time, but again, that's not our world. What I'm saying is in this world, the actual world on this record, at the time of the filing of the petition, there was a privity relationship, there was a proxy relationship, and that continued and was confirmed by the time of the institution decision. Thank you. I think we're about to go again on this. Round two? All right.